UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KUSHAWN S. MILES,

        Petitioner,

                                          CIVIL ACTION NO. 05-CV-72225-DT
v.                                            HONORABLE VICTORIA A. ROBERTS

RAYMOND BOOKER,

        Respondent.
_____/

**OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND (2) DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

        Petitioner Kushawn Miles, a state prisoner currently confined at the Ryan Correctional Facility in Detroit, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is incarcerated in violation of his constitutional rights. This matter is before the Court on Respondent's motion for summary judgment seeking dismissal of the petition as untimely. For the reasons set forth below, the Court grants Respondent's motion and dismisses the petition for failure to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d). The Court also denies a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

**I.**        **Facts and Procedural History**

        Petitioner was convicted of first-degree felony murder, assault with intent to commit great bodily harm and two counts of possession of a firearm during the commission of a felony

1

following a jury trial in the Wayne County Circuit Court in 1994 and was sentenced to life imprisonment without the possibility of parole, a concurrent term of five to 10 years imprisonment, and a consecutive term of two years imprisonment on those convictions. Petitioner filed an appeal as of right with the Michigan Court of Appeals, which affirmed his convictions and sentence. *People v. Miles*, No. 176779 (Mich. App. April 26, 1996). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Miles*, 454 Mich. 868, 560 N.W.2d 634 (Feb. 28, 1997).

On November 20, 2001, Petitioner filed a motion for relief from judgment with the state trial court, which was denied. His motion for reconsideration was also denied. He then filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied. *People v. Miles*, No. 245662 (Mich. App. June 19, 2003). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *See People v. Miles*, 469 Mich. 953, 670 N.W.2d 673 (Oct. 31, 2003). His motion for reconsideration was also denied. *See People v. Miles*, 469 Mich. 953, 675 N.W.2d 594 (Jan. 27, 2004). Petitioner then filed a petition for writ of certiorari with the United States Supreme Court, which was denied. *Miles v. Michigan*, 541 U.S. 1077 (June 1, 2004).

Petitioner signed and dated the present petition for writ of habeas corpus on May 25, 2005. In his pleadings, Petitioner raises claims concerning the validity of the criminal felony complaint, the denial of trial counsel's motion to withdraw, the effectiveness of trial and appellate counsel, and cumulative error. Respondent filed the instant motion for summary judgment on November 30, 2005 asserting that the petition fails to comply with the one-year statute of limitations applicable to federal habeas actions. Petitioner has filed a reply to the

motion asserting that the one-year period should be tolled because he relies upon "newly-discovered evidence" in the form of witness affidavits which he received in October, 2001 and November, 2001.

## II.     Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq*., became effective on April 24, 1996. The AEDPA governs the filing date for this action because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The revised statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's convictions became final after the AEDPA's April 24, 1996 effective date. The Michigan Supreme Court denied leave to appeal on February 28, 1997. He then had 90 days in which to seek a writ of certiorari with the United States Supreme Court. *See* Rule 13(1), Supreme Court Rules. With regard to the statute of limitations, therefore, his convictions became final on May 29, 1997. Accordingly, Petitioner was required to file his habeas petition on or before May 29, 1998, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner did not file his state court motion for relief from judgment until November 20, 2001. Thus, the one-year limitations period had expired well before Petitioner sought state post-conviction review. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). Thus, Petitioner's state post-conviction proceedings did not toll the running of the statute of limitations. The AEDPA's limitations period is only tolled while a prisoner has a properly filed post-conviction motion under consideration. *See* 28 U.S.C. § 2244(d)(2); *Hudson v. Jones*, 35 F. Supp. 2d 986, 988 (E.D. Mich. 1999). The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

In his response to the summary judgment motion, Petitioner does not allege that the state

created an impediment to the filing of his habeas petition or that his claims are based upon newly-recognized constitutional rights. He does, however, assert that his claims are based upon newly-discovered evidence - witness affidavits which he received in October, 2001 and November, 2001.

Under 28 U.S.C. § 2244(d)(1)(D), the one-year limitations period begins to run from the date upon which the factual predicate for a claim could have been discovered through due diligence. The time commences when the factual predicate for a petitioner's claim could have been discovered through the exercise of due diligence, not when it was actually discovered by the petitioner. *See, e.g., Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). Additionally, the AEDPA's limitations period begins to run when the petitioner knows or through due diligence could have discovered the important facts for the claim, not when the petitioner recognizes the facts' legal significance. *Id.; see also Hereford v. McCaughtry*, 101 F. Supp. 2d 742, 745 (E.D. Wis. 2000). Section 2244(d)(1)(D), which allows the one-year statute of limitations to run anew upon the discovery of new evidence, does not convey a statutory right to an extended delay while a habeas petitioner gathers evidence that might support a claim. The United States Court of Appeals for the Sixth Circuit has noted that the AEDPA "does not convey a right to an extended delay while a habeas petitioner gathers every possible scrap of evidence that might support his claim." *Jurado v. Burt,* 337 F.3d 638, 644 (6th Cir. 2003) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)). It is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running; the accrual of the statute of limitations does not await the collection of evidence which supports the facts. *See Tate v. Pierson,* 177 F. Supp. 2d 792, 800 (N.D. Ill. 2001) (citing *Flanagan,* 154 F.3d at 198-99). A habeas petitioner

5

has the burden of persuading a federal court that he exercised due diligence in discovering the factual predicate of his habeas claims. *See Stokes v. Leonard,* 36 Fed. Appx. 801, 804 (6th Cir. 2002).

In this case, the documents attached to Petitioner's reply to Respondent's summary judgment motion indicate that Petitioner filed a notice of alibi at the time of his trial listing four witnesses, including Lagena Moore and Leon Wiley, the two people from whom he obtained affidavits in October, 2001 and November, 2001. Those affidavits further show that Petitioner was aware of those witnesses at the time of trial and hoped to utilize them to support an intoxication defense. Petitioner thus had actual or putative knowledge of those witnesses and the facts supporting a possible alibi or intoxication defense at the time of his trial and direct appeals. Given such circumstances, tolling of the one-year period is unwarranted. Petitioner's habeas action is therefore barred by the statute of limitations set forth at 28 U.S.C. § 2244(d).

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008. A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). "Typically, equitable

tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner sets forth no circumstances which caused him to institute his state court collateral proceedings or to file his habeas petition after the expiration of the one-year limitations period. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling).

The Sixth Circuit has recently held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *see also Holloway,* 166 F. Supp. 2d at 1190. As explained in *Souter, supra*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness account, or

critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Petitioner has made no such showing. The witness affidavits he submits only establish that he may have been intoxicated at the time of the shooting. They do not establish his actual innocence. He has thus failed to demonstrate that he is entitled to equitable tolling of the one-year period.

## III.    Conclusion

Based on the foregoing analysis, the Court concludes that Petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and that the statute of limitations precludes federal review of the petition.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed. In such a case, no appeal is

warranted. *Id.*

The Court is satisfied that jurists of reason could not find the Court's procedural ruling debatable. No certificate of appealability is warranted in this case. Nor should Petitioner be granted leave to proceed on appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a).

Accordingly,

**IT IS ORDERED** that Respondent's motion for summary judgment is **GRANTED** and that the petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed on appeal *in forma pauperis* is **DENIED**.


S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: January 5, 2006

The undersigned certifies that a copy of this document was served on the attorneys of record and petitioner by electronic means or U.S. Mail on January 5, 2006.

s/Carol A. Pinegar
Deputy Clerk